IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ERNESTO BENEDICION,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>LAWRENCE DANIEL & KRISTIN DANIEL,<br><br>　　　　　　Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:09-CV-232-TC |

　　　　Plaintiff Ernesto Benedicion filed a complaint for eviction in Fifth Judicial District Court for the State of Utah.  Defendants Lawrence Daniel and Kristin Daniel filed an answer, counterclaim, and third-party complaint in state court.  The counterclaim and third party complaint alleged violations of RICO, 18 U.S.C. § 1962(c) & (d), and the Fair Debt Collection Act, 15 U.S.C. § 1692.  Mr. and Ms. Daniel then removed this action to federal district court, arguing jurisdiction existed because both RICO and the Fair Debt Collection Act grant the district courts of the United States jurisdiction to hear actions brought under those statutes.

　　　　The court issued an order to show cause why the action should not be dismissed for lack of subject matter jurisdiction.  In their answer, Mr. and Ms. Daniel acknowledged that the complaint filed by the Plaintiff did not contain grounds for federal jurisdiction.  They also did not allege that diversity of citizenship existed.  Rather, Mr. and Ms. Daniel relied on the federal claims alleged in their counterclaim and third party complaint as grounds for federal jurisdiction.

"It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987).  In general, "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." Topeka Housing Authority v. Johnson, 404 F.3d 1245, 1247 (10th Cir. 2005).  The allegations in Mr. and Ms. Daniel's counterclaim cannot provide a basis for federal subject matter jurisdiction.

Mr. and Ms. Daniel filed their third party complaint in state court.  (Docket No. 3, Attachment 1) As plaintiffs in that third party complaint, Mr. and Ms. Daniel cannot remove it to federal court.  28 U.S.C. § 1441(a) (stating "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ") (emphasis added).  As masters of the third party complaint Mr. and Ms. Daniel chose to file it in state court and cannot now seek to remove it to this court.

## ORDER

For the foregoing reasons, the complaint, counterclaim, and third party complaint are remanded to the Fifth Judicial District Court for the State of Utah.

DATED this 27th day of March, 2009.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge